## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Bonnie Bedward

       Plaintiff,

  v.

Giant of Maryland LLC, a foreign
entity, Giant Food LLC, a foreign entity,
and Donald Chappell

:  CIVIL ACTION

:

:  NO.:  0 7 - 5 0 5

:

:

### NOTICE OF REMOVAL

Defendants, Giant of Maryland, LLC, a foreign entity, Giant Food LLC, a foreign

entity, and Donald Chappell, a Maryland resident, by their attorneys, Figliola & Facciolo,

pursuant to 28 U.S.C. §§§1332, 1441 and 1446, give notice of the removal of the above

entitled cause from the Kent County, Delaware, Superior Court to the Untied States

District Court for the District of Delaware. In support of this Notice, Defendants state as

follows:

1. On July 16, 2007, plaintiffs filed an action in the Superior Court of the

State of Delaware, Kent County, C.A. No. 07C-07-017 (WLW).

2. Plaintiff's counsel served the Complaint upon Defendants via certified

mail on July 18, 2007. See Plaintiff's Letter of Service dated July 18, 2007, attached as

Exhibit "A".

3. Plaintiff alleges that he is a resident of the state of Delaware, residing at 6

Wesley Street, Camden-Wyoming, Delaware 19934. See Plaintiff's Complaint attached

as Exhibit "B" at Paragraph 1. Plaintiff is, therefore, a citizen of the State of Delaware

for the purposes of Removal.

4. Plaintiff alleges in the Complaint that Giant of Maryland, LLC is a foreign

entity. See Exhibit "B", paragraph 2. Giant of Maryland, LLC is a Maryland

1

corporation, so that for diversity purposes it is not a citizen of the State of Delaware. See Business Entity Information Sheet for Maryland attached hereto as Exhibit "C".

5.     Plaintiff alleges in the Complaint that Giant Food, LLC is a foreign entity. See Exhibit B, paragraph 2. Giant Food LLC is a Maryland corporation, so that for diversity purposes it is not a citizen of the State of Delaware. See Business Entity Information Sheet for Maryland attached hereto as Exhibit "D".

6.     Plaintiff alleges that Defendant, Donald Chappell is a resident of Maryland residing at 12900 Monroe Avenue, Fort Washington, Maryland 20744 so that for diversity purposes, he is not a citizen of the State of Delaware. See Plaintiff's Complaint, Exhibit "B" at paragraph 4.

7.     Upon information and belief, the injuries alleged by plaintiff manifested themselves in Middletown, New Castle County, Delaware, which is in the District of Delaware. Accordingly, venue is proper in the United States District Court for the District of Delaware.

8.     The amount in controversy, as alleged by Plaintiff, exceeds $100,000.00, and Plaintiff seeks damages of $2.5 million against the defendants. See plaintiff counsel's June 26, 2007 letter, page 5 attached hereto as Exhibit "E".

9.     Moveover, Plaintiff's Complaint also seeks both punitive damages and attorneys fees against each defendant thereby making the amount in controversy greater than $75,000 as to the Defendants. See Complaint at Exhibit "B".

10.     Pursuant to 28 USC § et seq. and 28 USC §1332, this action is one which may be removed to this Court as on the face of Plaintiffs' Complaint there exists complete diversity of citizenship between plaintiff and all defendants and the amount in

2

controversy exceeds the sum of $75,000, exclusive of costs and interest, as to each defendant.

11.     This Notice of Removal has been filed within 30 days of the original filing and service of process of Plaintiff's Complaint upon Defendants.

12.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332, because the parties are citizens of different states, the defendants are not residents of the forum state and the amount in controversy, exclusive of interest, costs and fees exceeds $75,000.

13.     Written notice of this removal is being given to the Superior Court of the State of Delaware, Kent County Clerk. A copy of the Notice being filed with the Kent County, Delaware Clerk is marked Exhibit "E" and attached hereto, exclusive of attachments, which attachments consist of this Notice and its attachments.

WHEREFORE, Defendants, Giant of Maryland, LLC, a foreign entity, Giant Food LLC, a foreign entity, and Donald Chappell, give notice that this cause has been removed from the superior Court of the State of Delaware for Kent County, to the United States District Court for the District of Delaware.

FIGLIOLA & FACCIOLO

By: _____
Anthony Figliola, Esquire
Figliola & Facciolo
1813 Marsh Road
Suite A
Wilmington, DE 19810

Date: 8-16-07

3

EXHIBIT "A"

LAW OFFICES
## SCHMITTINGER AND RODRIGUEZ, P.A.
414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE  19901
TELEPHONE 302-674-0140
FAX 302-674-1830

NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY
SCOTT E. CHAMBERS
FRED A. TOWNSEND III
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J. CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
MAGNOLIA SOLANO

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

NEWARK OFFICE
CHRISTIANA EXECUTIVE CAMPUS
220 CONTINENTAL DRIVE, STE. 203
NEWARK, DELAWARE 19713
TELEPHONE 302-894-1960
FAX 302-894-1965

REHOBOTH BEACH OFFICE
WACHOVIA BANK BUILDING
4602 HIGHWAY ONE
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 626
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

July 16, 2007

**VIA CERTIFIED MAIL**

Giant of Maryland LLC
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, Delaware 19808

Giant Food LLC
CSC Lawyers Incorporating Service Company
7 St. Paul Street, Suite 1660
Baltimore, Maryland  21202

**VIA CERTIFIED MAIL**

RE:   **Giant of Maryland LLC, Giant Food LLC and Donald Chappell v.**
       **Bonnie Bedward**

Dear Sir or Madam:

Enclosed is a courtesy copy of the Complaint and related pleadings that we filed on July 16, 2007 on behalf of our above reference client, Bonnie Bedward, and against you and your driver, Donald Chappell.  Formal Service of Process will be made on you in the very near future.  Please see that an Answer is filed in a timely manner.  If you have any questions, please contact me at (302) 674-0140.

Very truly yours,

William D. Fletcher, Jr., Esquire

WDF/cjd

Enclosures

EXHIBIT "B"



EFiled: Jul 16 2007 5:01PM EDT
Transaction ID 15588537
Case No. 07C-07-017 WLW

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

BONNIE BEDWARD,                                    :    C. A. NO.:

        Plaintiff,                              :

               v.                          :    **COMPLAINT**

                                               :    **TRIAL BY JURY**
GIANT OF MARYLAND LLC, a foreign      :    **DEMANDED**
entity, GIANT FOOD LLC, a foreign entity, :
and DONALD CHAPPELL,                         :    NON-ARBITRATION CASE

        Defendants.                             :

      1.     Plaintiff, Bonnie Bedward ("Plaintiff ") is a resident of the State of Delaware,

whose address is 6 Wesley Street, Camden-Wyoming, Delaware 19934

      2.     Defendant, Giant of Maryland LLC ("Giant"), upon information and belief, is a

foreign entity registered and authorized to transact business in the State of Delaware. This

Defendant's Delaware registered agent is Corporation Service Company at 2711 Centerville Road,

Suite 400, Wilmington, Delaware, 19808.

      3.     Defendant, Giant Food LLC ("Food"), upon information and belief, is a foreign

entity located in the State of Maryland. This Defendant, pursuant to 10 Del. C. § 3112 is

represented for the purposes of service of process by the Secretary of State of the State of

Delaware at 401 Federal Street, Dover, Delaware 19901.

      4.     Defendant, Donald Chappell ("Chappell"), upon information and belief, is a

resident of the State of Maryland, whose last known address is 12900 Monroe Avenue, Port

Washington, Maryland *. This Defendant, pursuant to 10 Del. C. § 3112 is represented for

the purposes of service of process by the Secretary of State of the State of Delaware at 401

Federal Street, Dover, Delaware 19901.

5.      On July 26, 2005, at approximately 4:34 p.m., Plaintiff was operating a 2005 Dodge Stratus motor vehicle eastbound at the intersection of Boyds Corner Road, a/k/a Route 896 and Cedar Lane Road in or near Middletown, New Castle County, Delaware.

6.      At the aforementioned time and location, Defendant Chappell was driving a 2005, 18 wheel, International tractor-trailer which was owned and operated under the direction of the other named Defendants. Defendant Chappell was driving Defendants' tractor trailer westbound on Boyds Corner Road. As Defendants' tractor trailer approached the aforementioned intersection, Defendant Chappell was asleep at the wheel. Defendants' tractor trailer drifted into the left turn lane of Cedar Lane Road causing it to strike the rear of a 2001 Chevrolet Malibu operated by Ralph Given. Mr. Given's vehicle was then pushed into the path of the oncoming eastbound vehicle, driven by Plaintiff, which caused a head on collision of these vehicles. Defendants' tractor trailer proceeded farther and struck a second oncoming vehicle driven by Murtle Arrants.

8.      The aforementioned motor vehicle collisions were directly and proximately caused by the negligence and reckless conduct of Defendant Chappell. Defendant Donald Chappell was negligent and reckless in that:

(a)   he failed to give full time and attention to the operation of Defendants' tractor trailer in violation of 21 Del. C. § 4176(b);

(b)   he failed to maintain a proper lookout while operating Defendants' tractor trailer in violation of 21 Del. C. § 4176(b);

(c)   he operated Defendants' tractor trailer in a careless and imprudent manner under the circumstances, in violation of 21 Del. C. § 4176(a);

(d)  he operated Defendants' tractor trailer at an unreasonable, unsafe and inappropriate speed at the time and location of these motor vehicle collisions in violation of 21 Del. C. § 4168(a) & (b);

(e)  he operated Defendants' tractor trailer at a speed in excess of the posted legal limit in violation of 21 Del. C. § 4169;

(f)  he operated Defendants' tractor trailer at the time of these motor vehicle collisions while asleep at the wheel;

(g)  he operated Defendants' tractor trailer in reckless or wanton disregard for the safety of others in violation of 21 Del. C. § 4175; and

(h)  he failed to maintain proper control of Defendants' tractor trailer.

9.  At all times relevant to this matter, Defendant Chappell was acting as the servant, agent or employee of all of the other named Defendants in this litigation. If any of these other named Defendants deny this employment or agency relationship with Defendant Chappell, the denial must be done by affidavit as required by 10 Del. C. § 3916.

10.  At all times relevant to this matter, Defendant Chappell was acting within the scope of his employment or agency relationship with each of the other named Defendants in this litigation. If any of these other named Defendants deny this allegation, the denial must be done by affidavit as required by 10 Del. C. § 3916.

11.  As a direct and proximate result of the aforesaid negligence and reckless conduct of Defendant Chappell, resulting in the aforementioned motor vehicle collisions, Plaintiff suffered severe and serious bodily injuries, including permanent physical impairments, sustained and experienced great pain, suffering and discomfort of body and mind in the past including surgical intervention and will continue to sustain and experience great pain, suffering and discomfort of

body and mind in the future from these injuries.

12.    As a further direct and proximate result of the aforesaid negligence and reckless conduct of Defendant Chappell, resulting in the aforementioned motor vehicle collisions and injuries to Ms. Bedward, the Plaintiff has also incurred past medical expenses for the treatment of her injuries. These expenses, presently total more than $62,177 and are set out in Exhibit "A" attached hereto. Plaintiff will also incur future medical expenses for the treatment of her injuries.

13.    As a further direct and proximate result of the aforesaid negligence and reckless conduct of Defendant Chappell, resulting in the aforementioned motor vehicle collisions and injuries to Ms. Bedward, the Plaintiff has also incurred past lost wages due to the disabling nature of her injuries. These expenses presently total $19,146 and are set out in Exhibit "B" attached hereto. Plaintiff will also incur future wage losses in the amount of more than $118,800 due to her disabling injuries.

WHEREFORE, Plaintiff Bonnie Bedward demands judgment against Defendant Giant of Maryland LLC, Defendant Giant Food LLC and Defendant Donald Chappell, jointly and severally, for special and general compensatory damages, including past and future pain and suffering and punitive damages, together with the costs of this action.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____

WILLIAM D. FLETCHER, JR., ESQ.
BAR ID. 362
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140

Dated:                                           Attorneys for Plaintiff

**From:** LexisNexis File & Serve <eFile@fileandserve.lexisnexis.com>
**To:** <wfletcher@schmittrod.com>
**Date:** Wednesday, July 18, 2007 9:11 AM
**Subject:** Case: 07C-07-017 WLW; Transaction: 15588537 New Case Accepted

---

To: William D Fletcher
Subject: Notice of Accepted New Case

DE Superior Court-Kent County has accepted a transaction in 07C-07-017 WLW. This case, 07C-07-017 WLW, is now available for subsequent transactions and you may now serve parties in this case via LexisNexis File & Serve.

The details for this transaction are listed below.

Court:   DE Superior Court-Kent County
Case Name:   Bedward, Bonnie vs Giant Food of Mayland LLC et al
Case Number:   07C-07-017 WLW
Transaction ID:   15588537
Authorized Date/Time:   Jul 16 2007  5:01PM EDT
Authorizer:   William D Fletcher
Authorizer's Organization: Schmittinger & Rodriguez PA
Sending Parties:
 Bedward, Bonnie

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by phone at 1-888-529-7587 (24/7).

**EXHIBIT "C"**

Entity Detail

 **Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street W Baltimore, MD 21201   (2007c)

Main Menu | Security Interest Filings (UCC) | **Business Entity Information**
(Charter/Personal Property) New Search | Rate Stabilization Notices | Get Forms | Certificate
of Status | SDAT Home

### Taxpayer Services Division

### Entity Name: GIANT OF MARYLAND LLC
### Dept ID #: W05378534

| General Information | Amendments | Personal Property | Certificate of Status |

**Principal Office
(Current):**        6300 SHERIFF ROAD
                    LANDOVER, MD 20785

**Resident Agent
(Current):**        CSC-LAWYERS INCORPORATING SERVICE COMPA
                    7 ST. PAUL STREET, SUITE 1660
                    BALTIMORE, MD 21202

**Status:**         ACTIVE

**Good Standing:**  Yes

**Business Code:**  Other

**Date of
Formation or
Registration:**     06/28/1999

**State of
Formation:**        MD

**Stock/Nonstock:** N/A

**Close/Not Close:** Unknown

### Link Definition

**General Information**   General information about this entity
**Amendments**           Original and subsequent documents filed
**Personal Property**    Personal Property Return Filing Information and Property Assessments
**Certificate of Status** Get a Certificate of Good Standing for this entity

EXHIBIT "D"

Entity Detail

Page 1 of 1

 **Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street W Baltimore, MD 21201   (2007c)

**Main Menu | Security Interest Filings (UCC) | Business Entity Information
(Charter/Personal Property) New Search | Rate Stabilization Notices | Get Forms | Certificate
of Status | SDAT Home**

### Taxpayer Services Division

### Entity Name: GIANT FOOD LLC
### Dept ID #: W06002489

**General Information  Amendments  Personal Property  Certificate of Status**

| | |
|---|---|
| **Principal Office (Current):** | 6300 SHERIFF ROAD<br>LANDOVER, MD 20785 |
| **Resident Agent (Current):** | CSC-LAWYERS INCORPORATING SERVICE COMPA<br>7 ST. PAUL STREET, SUITE 1660<br>BALTIMORE, MD 21202 |
| **Status:** | ACTIVE |
| **Good Standing:** | Yes |
| **Business Code:** | Other |
| **Date of Formation or Registration:** | 10/10/2000 |
| **State of Formation:** | MD |
| **Stock/Nonstock:** | N/A |
| **Close/Not Close:** | Unknown |

### Link Definition

**General Information**   General information about this entity
**Amendments**      Original and subsequent documents filed
**Personal Property**   Personal Property Return Filing Information and Property Assessments
**Certificate of Status**  Get a Certificate of Good Standing for this entity

EXHIBIT "E"

LAW OFFICES
## SCHMITTINGER AND RODRIGUEZ, P.A.
PROFESSIONAL ASSOCIATION
414 SOUTH STATE STREET
POST OFFICE BOX 497
DOVER, DELAWARE 19901
TELEPHONE 302-674-0140
TELECOPIER 302-674-1830

HAROLD SCHMITTINGER
NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
BRUCE C. ENNIS
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
WILLIAM A. DENMAN
CATHERINE T. HICKEY
WILLIAM W. PEPPER SR.
CRAIG T. ELIASSEN
CRYSTAL L. CAREY
SCOTT E. CHAMBERS
MARGE F. PYOTT
NOEL E. PRIMOS
DAVID A. BOSWELL
WALT F. SCHMITTINGER
JEFFREY J. CLARK
R. SCOTT KAPPES
BETH B. MILLER
KATHY S. GRAVELL
DONNA L. HARRIS

WILMINGTON OFFICE
BRANDYWINE GATEWAY PLAZA
1300 NORTH MARKET STREET
WILMINGTON, DELAWARE 19801
TELEPHONE 302-652-3676
FAX 302-652-8766

REHOBOTH BEACH OFFICE
4602 HIGHWAY ONE
FIRST UNION BANK BUILDING
REHOBOTH BEACH, DELAWARE 19971
TELEPHONE 302-227-1400
FAX 302-645-1843

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
POST OFFICE BOX 628
ODESSA, DELAWARE 19730
TELEPHONE 302-378-1697
FAX 302-378-1659

June 26, 2007

MAC Risk Management, Inc.
ATTN: Alice Edwards
P.O. Box 200001
Woodstock, Georgia 30189-0400

JUN 2 9 2007

RE:  Our Client: Bonnie Bedward
     Your Insured: Giant Foods, LLC
     Your Claim No.: 096/15189
     Date of Accident: 07/26/05

Dear Ms. Edwards:

As you know this office represents Bonnie Bedward regarding extremely severe and life long personal injuries she sustained on the above referenced date due to the negligent and/or reckless operation of a Giant Foods' tractor-trailer by Giant's agent and your insured, Donald Chappell. It appears our client's injuries have stabilized to the point that this claim is now in posture for settlement or litigation. Please accept this letter as our demand for settlement of Ms. Bedward's claims.

This accident occurred on Tuesday, July 26, 2005, at approximately 4:34 p.m. at the intersection of Boyds Corner Road, a/k/a Route 896 and Cedar Lane Road in Middletown, New Castle County, Delaware. My client, a restrained driver, was traveling eastbound on Boyds Corner Road near the intersection with Cedar Lane Road. Giant Foods' truck driver, Donald Chappell, was driving a 18 wheel tractor-trailer westbound on Boyds Corner Road. Approaching the intersection, Mr. Chappell was asleep at the wheel while the tractor-trailer drifted into the left turn lane for Cedar Lane Road, where it struck a vehicle operated by Ralph Given, causing Mr. Given's 2001 Chevrolet Malibu to then strike Ms. Bedward's oncoming vehicle. The accident was investigated by Officer Hibbert of the Delaware State Police, who appropriately charged Mr. Chappell. Mr. Chappell plead guilty to the charge. (Police Report and Disposition of Charges attached as Exhibit A).

June 26, 2007
Page 2

Asleep at the wheel is one of the most serious driving hazards a
truck operator can commit given his responsibility to safely
transport 65,000 to 75,000 pounds of metal and load on the public
highway. The federal government has enacted many rules and
regulations to prevent such conduct. Thus, there is simply no
reasonable explanation for such conduct.

As a result of this motor vehicle collision, Ms. Bedward was
transported to Christiana Hospital by ambulance, hospitalized for
3 days and received emergency surgery. I view this as an absolute
liability case and have evaluated it as such for purposes of
settlement.

Accompanying this letter is a ringed binder sectioned in several
areas of claim evidence under Exhibits A through H. In summary of
this evidence, Bonnie Bedward, age 45 at the time of the accident,
has suffered the following injuries:

1.    **Left foot & ankle: (fractures, torn tendons & nerves and
      extensive and severe bruising which required 3 separate
      surgical procedures)**
      - 1st surgery to irrigate and close
      - 2nd surgery to insert a plate and nine (9) screws
      - 3rd surgery to remove dead skin and graft new skin
        harvested from an upper thigh site.
      - **10% Permanent impairment of the lower extremity
        secondary to a subtalar arthrodesis spontaneously.**
      - **20% Permanent impairment due to she lacks 20 degrees
        of dorsiflexion.**
      - **10% Permanent impairment due to diminished sensation
        along the lateral aspect of the foot.**
      **(Per report of Dr. James Callan of November 15, 2006 - a
      disability evaluating medical physician hired by Ms.
      Bedward's employer.)**

2.    **Right thumb:**
      - mangled and dislocated.

3.    **Right little finger:**
      - can't bend or make a fist.

4.    **Left hand and left little finger:**
      - can't bend was clubbed for several weeks.
      - **2% Permanent impairment**

5.    **Right leg pain.**

6.    **Upper body bruising.**

7.    **Right hip pain with bruising.**

June 26, 2007
Page 3

8.   **Left side pain with bruised ribs.**

9.   **Left shoulder bruised.**

10.  **Right knee pain:**
         - torn medial meniscus.

Conservative treatment consisted of the following:

1.   **Christiana Medical Center: 07/26/05 - 07/29/05**

Ms. Bedward was treated at Christiana Medical Center emergency
room and thereafter admitted to the hospital for 3 days. She
underwent surgery to correct the dislocated fifth finger and
irrigation of her right foot open calcaneus fracture. Her right
foot was placed in a splint, she was put on antibiotics and
scheduled for open reduction and internal fixation of the
calcaneus.

2.   **Christiana Medical Center: 08/02/05, 8/12/05 - 08/13/05**

A second surgery was done on Ms. Bedward's right ankle to insert a
locking lateral calcaneal plate with nine (9) screws. A posterior
and a U-shaped splint was applied.

3.   **Advanced Plastic Surgery Center: 09/13/05 - 12/16/05**

On 9/13/05, Ms. Bedward underwent a third surgery to remove bone
debris, graft skin over exposed hardware and remove all dead soft
tissue between and around the hardware. The skin graft was
harvested from the dorsum of her foot and the ipsilateral upper
thigh.

4.   **Brown & Assoc. Sports & Orth. PT: 01/10/06 - 02/23/06**

Ms. Bedward attended physical therapy twelve times for treatment
of her right and left hands. She treated with fluidotheray,
ultrasound, edema massage and exercises for strengthening and
range of motion.

5.   **Delaware Orthopaedic Center: 08/02/05 - 10/31/06**

Ms. Bedward treated with Dr. Townsend for injuries to her left
hand and finger, treated with Dr. Gallinat for injuries to her
right knee and treated with Dr. Kupcha for injuries to her right
foot and ankle. Ms. Bedward was prescribed a wheelchair on
08/02/05, crutches on 10/11/05, night splint on 11/16/05, patella
tendon brace on 2/14/06 and two walking boots following two of the
three surgeries. Dr. Kupcha has indicated in his report of March
22, 2007 that *Ms. Bedward has presently sustained a 21% permanent
impairment of her right foot* and Dr. Townsend has indicated in his

June 26, 2007
Page 4

report of March 28, 2007 that *Ms. Bedward has sustained a 2% permanent impairment of her left fifth finger all as a direct result of the motor vehicle accident of July 26, 2005.*

6.   **Dynamic Physical Therapy: 11/11/05 - 02/22/06**

Ms. Bedward attended physical therapy 31 times for treatment of her right foot and ankle, and attended physical therapy six times for treatment of her right knee.

Ms. Bedward currently has a permanent scarring on her right foot and a permanent limp on her right side. She has work limitations restricting the amount of walking, climbing and any operation of machinery due to her right lower extremity deficits. Due to these work restriction, Ms. Bedward has been required to reduce her work demand at her job. Ms. Bedward is a Human Resources Manager for the Federal Government covering a number of districts' Military Bases. She was forced to eliminate 1 district from her geographic area due to her restrictions on driving and traveling. This downsizing resulted in a reduction of her salary and past lost wages totalled $19,146 with future loss wages set at $118,872.00.

Dr. Kupcha opined in his March 22, 2007 report that Ms. Bedward has limited to no motion of the right subtalar joint. She also had diminished sensation of the lateral and posterior heel and could not feel light touch. Further, Ms. Bedward has some arthritic symptoms at the present time and would be a candidate for subtalar arthrodesis and hardware removal and fusion of the subtalar joint in the future. Also, Ms. Bedward will incur future medical expenses for several visits to the orthopaedic surgeon for her lower extremity each year and the need for anti-inflammatory medication as well as hospitalization for future surgeries.

These injuries have drastically affected Ms. Bedward's quality of life. She in unable to play and participate in activities with her 11 year old son, she is unable to preform normal activities such as driving long distances, mowing the lawn, walking up and down stairs. Ms. Bedward presently wears a foot brace at home 3 days a week and must keep her foot elevated when sitting down.

Ms. Bedward's average life expectancy is 35 more years. Her current medical expenses totalled $62,177.01 and will be ongoing per Dr. Kupcha. Thus to date, admissible evidence of special damages in the form of past and future wages and past medical expenses total more than $200,000 ($19,146 + $118,872 + $62,177). The workman's compensation lien is approximately $65,000 with the potential to increase to $85,000 - $90,000 depending on when settlement occurs.

While the valuation of each claim has many factors and variables,

June 26, 2007
Page 5

it is undisputed that claims for negligent and careless operation of a tractor-trailer have maximum valuation. Ms. Bedward was a totally innocent victim of an uncontrolled tractor-trailer. She was a solid citizen and industrious employee servicing the needs of many military compounds, and was on the job when injured. Enclosed are but a few samples of tractor-trailer liability involving sleep at the wheel or driver unconsciousness, attached as Exhibit G see Cartwright v. CRST Intl, Inc., July 18, 2006 - $22.1 million; Nester v. Russell T. Bundy Assocs., Inc., March 10, 2006 - $7.3 million; see also the following when uncontrollable tractor-trailer is alleged: First National Bank of Danville v. System Transp., Inc., March 7, 2006 - $15.6 million; Wojahn v. Halliburton Energy Servs., August 24, 2006 - $3.55 million and no pain and suffering included.

Of course, we recognize that there are differences in the damages claimed in all of these cases, nevertheless, they illustrate the multimillion dollar valuations of tractor-trailer claims.

Considering the clear negligence and reckless conduct of your insured for this near fatal collision, the permanent nature of Ms. Bedward's injuries and impairments, the ongoing nature, extent and duration of her symptoms, the need for future medical treatment and surgery, her 35 year future life expectancy and the outcome of other tractor-trailer collision claims, I would recommend that Ms. Bedward accept $2.5 million in full settlement of her personal injury claims against your insureds.

Enclosed please find a copy of the following support materials, including the police report, National Vital Statistics - 02/18/04, showing average life expectancy, all medical records, reports and bills in our possession, photographs of Ms. Bedward's injuries, the vehicles and roadway and post surgical x-rays depicting the implanted plate and nine screws. I look forward to hearing from you regarding an amicable settlement of this matter.

Very truly yours,

William D. Fletcher, Jr., Esquire

WDF/cjd

Enclosures

cc: Bonnie Bedward (w/o enclosures)

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing to be served by

First Class Mail, postage pre[paid this         day of August, 2007 to:

William D. Fletcher, Jr., Esquire
Law Offices of Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19901


**FIGLIOLA & FACCIOLO**

By: _____
Anthony Figliola, Esquire
Figliola & Facciolo
1813 Marsh Road
Suite A
Wilmington, DE 19810

Date: _8·16·07_

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| **BONNIE BEDWARD** | } |
| | } |
| **Plaintiff ,** | } |
| | } |
| **V.** | }     **C.A. NO. 07C-07-017 WLW** |
| | } |
| **GIANT of MARYLAND LLC, a foreign entity,** | } |
| **GIANT FOOD LLC, a foreign entity and** | } |
| **DONALD CHAPPELL** | } |
| | } |
| **Defendants .** | } |

## NOTICE OF MOTION

TO:    William D. Fletcher, Jr.
Schmittinger & Rodriquez
414 South State Street
Dover, DE 19903
Delaware I.D. 362


PLEASE TAKE NOTICE: Defendant's Motion to Remove Action to The Federal District

Court for The District of Delaware, will be heard at the pleasure of the Court.


Anthony A. Figliola, Jr., Esquire
Figliola & Facciolo
1813 Marsh Road, Suite A
Wilmington, DE 19810
Delaware I.D. No.  957
( 302 ) 475 - 0460

**CIVIL COVER SHEET**

07 - 505

%JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

BONNIE BEDWARD

**DEFENDANTS**

GIANT OF MARYLAND
GIANT FOOD LLC
DONALD CHAPPELL

**(b)** County of Residence of First Listed Plaintiff  KENT CO., DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  BALTIMORE MD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  (302) 475-0460
ANTHONY A. Figliola JR
Figliola & Facciolo
1813 MARSH Rd  Wilm DE 19810

Attorneys (If Known)  (302) 674-0140
William D. FLETCHER JR,
Schmittinger & Rodriquez
414 South STATE ST  DOVER DE 19901

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                             and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause: PERSONAL INJURY SUSTAINED IN MOTOR VEHICLE ACCIDENT
DIVERSITY OF CITIZENSHIP - DAMAGES IN EXCESS $75,000

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions):

JUDGE

DOCKET NUMBER

DATE  8.17.07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 5 0 5**
_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

*Anthony A. Figliola JR*
(Printed name of Party or their Representative)

**Note: Completed receipt will be filed in the Civil Action**