UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BONNIE BEDWARD, | : | C. A. NO.: 07-506 (JJF) |
| | : | |
| Plaintiff, | : | |
| | : | PLAINTIFF'S MOTION TO REMAND |
| v. | : | THIS CASE PURSUANT TO |
| | : | 28 U.S.C. §1447 |
| GIANT OF MARYLAND LLC, a foreign entity, GIANT FOOD LLC, a foreign entity, and DONALD CHAPPELL, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Bonnie Bedward, by her attorneys, Schmittinger and Rodriguez, P.A., respectfully moves this Court, pursuant to 28 U.S.C. §1447, to remand this matter to the Superior Court of the State of Delaware in and for Kent County as Defendants' have failed to meet and establish subject matter jurisdiction of this Court for removal of this matter to this Court.

1. Defendants' sole basis for seeking the removal of this matter to the United State District Court for the District of Delaware is diversity of citizenship of the parties pursuant to 28 Del. C. §1332. It is well settled law that diversity of citizenship in this Court requires a showing of complete diversity of all Plaintiffs as to the citizenship of all Defendants. Commonly phrased, this adjudicatory jurisdiction requires a finding of complete diversity of citizenship.

2. At paragraph 4 of their Notice of Removal filing, Defendants properly identify the foreign entity, Giant of Maryland, LLC. Defendants erroneously state that this foreign entity is a corporation. By its name description, it is a Maryland limited liability company which is not a corporation.

3. In paragraph 5 of their Notice of Removal, Defendants correctly identify the

foreign entity Giant Food, LLC. However, Defendants erroneously claim that Giant Food, LLC is a Maryland corporation when in fact, it is a Maryland limited liability company.

4. In determining complete diversity of citizenship, federal law treats corporations and limited liability companies differently. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998); Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996). It is well settled law that a limited liability company requires presentation of evidence that each member and/or owner of the limited liability company is a citizen of a state different from the Plaintiff's state of citizenship. See e.g., Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg., 415 F.Supp.2d 636 (E.D.Va.2006); Bishop v. Toys "R" Us-NY LLC, 414 F.Supp.2d 385 (S.D.N.Y.2006); International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., 411 F.Supp.2d 458 (S.D.N.Y.2006); Nowick v. Gammell, 351 F.Supp.2d 1025 (D.Haw. 2004); Shulman v. Voyou, LLC, 305 F.Supp.2d 36 (D.D.C.2004); Johnson-Brown v. 2200 M Street LLC, 257 F.Supp.2d 175 (D.D.C.2003).

5. Defendants have failed to identify the owner/members of either limited liability company defendant, i.e., Giant of Maryland, LLC and Giant Food, LLC. Thus, this Court is unable to determine whether complete diversity of citizenship exists in the present matter since the Defendants have failed to identify each owner/member and the state of citizenship attributable to each owner/member of each Defendant LLC.

6. Contrary to Defendants' assertions in paragraph 10 of their Notice of Removal, on the face of the Plaintiff's Complaint there does not exist complete diversity of citizenship. Neither the Plaintiff's Complaint nor the Defendants' Notice of Removal have provided this

Court with the requisite allegations and evidence that complete diversity of citizenship exists between the Plaintiff and Defendants in this litigation. As this Court's basis for subject matter jurisdiction in this case is solely diversity of citizenship, this Court, on the present record, should find that the Defendants have failed to allege and prove the existence of complete diversity of citizenship between the Plaintiff and all Defendants, and therefore, should remand this matter to the Superior Court of the State of Delaware in and for Kent County due to this Court's lacking the necessary subject matter jurisdiction to adjudicate this matter.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _William D. Fletcher Jr._
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. 362
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Plaintiff

Dated: 9/14/07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BONNIE BEDWARD, : | C. A. NO.: 07-506 (JJF) |
| Plaintiff, : | |
| v. : | |
| GIANT OF MARYLAND LLC, a foreign : entity, GIANT FOOD LLC, a foreign entity, : and DONALD CHAPPELL, : | |
| Defendants. : | |

ORDER

AND NOW, this _____ day of _____, 2007, the Court having considered Plaintiff's Motion to Remand this matter and the respective positions of the parties concerning the same,

IT IS HEREBY ORDERED that this matter is remanded to the Delaware Superior Court of the State of Delaware in and for Kent County for further proceedings as this Court lacks the requisite subject matter jurisdiction to adjudicate Plaintiff's claims since the record does not establish the complete diversity of citizenship of the parties as required by applicable federal law.

IT IS SO ORDERED.

_____
The Honorable Joseph J. Farnan, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BONNIE BEDWARD, | : | C. A. NO.: 07-506 (JJF) |
| Plaintiff, | : | |
| v. | : | |
| GIANT OF MARYLAND LLC, a foreign entity, GIANT FOOD LLC, a foreign entity, and DONALD CHAPPELL, | : | |
| Defendants. | : | |

CERTIFICATE OF SERVICE

I hereby certify that on this __14th__ day of September, 2007 a copy of the foregoing

PLAINTIFF'S MOTION TO REMAND THIS CASE
PURSUANT TO 28 U.S.C. §1447
and
ORDER

which was electronically filed and mailed via first class mail, postage prepaid, to:

Anthony A. Figliola, Jr., Esquire
Figliola & Facciolo
1813 Marsh Road, Suite A
Wilmington, DE 19810

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _William D. Fletcher, Jr._
WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. 362
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Plaintiff

Dated: 9/14/07